## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## (SOUTHERN DIVISION)

CHERYL BESSER,
individually and on behalf of all others
similarly situated,

               Plaintiff,

   v.

HOBBY LOBBY STORES, INC.,

              Defendant.

Case No. 13-1103

Filed Electronically

## CLASS ACTION COMPLAINT

Comes now Cheryl Besser, ("Plaintiff") on behalf of herself and all others similarly situated and alleges as follows:

### INTRODUCTION

1. Plaintiff Cheryl Besser brings this action individually and on behalf of all others similarly situated against Hobby Lobby Stores, Inc. ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations.

2. Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate Point Of Sale Devices ("POS Devices") that are fully accessible to, and independently usable by, blind people.[1]

---

[1] By "POS Device," Plaintiff refers to the electronic device used by a customer at the point of purchase that allows the customer to pay for items with a debit, credit, or other electronic funds card.

3.     Specifically, the POS Devices in Defendant's stores are not fully accessible to, and independently usable by, blind people.  Instead, the POS Devices have flat touch screen surfaces with features that are not discernible to individuals who are blind or visually impaired.

4.     To make a debit card purchase using Defendant's POS Devices, a customer must enter their Personal Identification Number ("PIN").  However, because a blind or visually impaired individual cannot discern the numerical references displayed on the keypad of the POS Device, said individual does not have the ability to independently make a debit purchase. Instead, the blind or visually impaired consumer must divulge their PIN number in order to complete a debit transaction.

5.     Defendant's use of flat touch screen POS Devices discriminates against blind and visually impaired consumers in violation of the ADA.

6.     POS Devices with tactilely discernible keypad surfaces—which are independently usable by a blind or visually impaired individual—are readily available and in fact used by a substantial percentage of retail merchants.

7.     Plaintiff intends to continue to be a customer of Defendant's stores, and desires to make future payments by debit card.  However, unless Defendant is required to install ADA compliant POS Devices, Plaintiff will continue to be unable to independently make payments for any purchases by debit card.

8.     Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's POS Devices violate federal law as described and an injunction requiring Defendant to update or replace all POS Devices that are in violation of the mandatory requirements of the ADA so that they are fully accessible to, and independently usable by, blind or visually impaired individuals.  Plaintiff further requests that, given Defendant's historical

failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

9.      On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

10.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

11.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

12.     Defendant owns, operates, controls and/or leases a place of public accommodation.

13.     Defendant's POS Devices are not fully accessible to, and independently usable by, blind individuals.

14.     While Defendant has centralized management policies regarding its POS Devices, those policies are inadequate, and Defendant's POS Devices continue to be inaccessible to, and not independently usable by, visually impaired individuals.

3

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

16.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

17.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

18.     Plaintiff, Cheryl Besser, is and, at all times relevant hereto, was a resident of the state of Michigan. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

19.     Defendant Hobby Lobby Stores, Inc. is a Oklahoma corporation headquartered at 7707 S.W. 44th Street, Oklahoma City, Oklahoma 73179. Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

## VIOLATIONS AT ISSUE

20.     In September 2013, Plaintiff visited Defendant's store located at 6295 S. Westnedge Avenue, Portage, Michigan 49002.

21.     Plaintiff attempted to make a purchase with a debit card but was unable to make the purchase independently because, at the time of the visit, Defendant's POS Device was not fully accessible to, and independently usable by, blind people, as above described.

22.     Based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that a significant number, if not all, of the other POS Devices in Defendant's stores are similarly not independently usable by the blind or visually impaired.

23.     Defendant does not provide any auxiliary aids or services calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

24.     As a result of Defendant's non-compliance with the ADA, Plaintiff and the Class, unlike persons without visual impairments, cannot independently make a debit purchase at Defendant's stores.

25.     Defendant's non-compliance threatens blind people with the loss of their private banking information.  Blind people who wish to make a debit purchase at Defendant's stores have no choice but to reveal their private PINs to others to complete the debit purchase.

26.     Though Defendant has centralized policies regarding the management and operation of its POS Devices, Defendant has never had a plan or policy that is reasonably calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

27.     Plaintiff has actual knowledge of the fact that Defendant's POS Devices lack the elements required to make them fully accessible to, and independently usable by, blind people.

28.     As a blind individual, Plaintiff has a keen interest in whether public accommodations that offer debit purchases through POS Devices are fully accessible to, and independently usable by, the blind.

29.     Plaintiff intends to return to certain of Defendant's stores to shop and to ascertain whether they remain in violation of the ADA.

30.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's POS device in violation of her rights under the ADA.

## CLASS ALLEGATIONS

31.     Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally blind individuals who have attempted, or will attempt,  to make a debit purchase with Defendant's POS Devices.

32.     The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

33.     Typicality:  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

34.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its POS Devices fully accessible and independently usable as above described.

35.     Adequacy of Representation:  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who

are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

36.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## SUBSTANTIVE VIOLATION

37.     The allegations contained in the previous paragraphs are incorporated by reference.

38.     Defendant has discriminated against Plaintiff and the Class in that it has failed to make its POS Devices fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12182(a) as described above.

39.     Defendant has discriminated against Plaintiff and the Class in that it has failed to provide auxiliary aids and services calculated to make its POS Devices fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12101, 12102(2) and 28 C.F.R. § 36.101 *et seq.*  Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

40.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations make their POS Devices fully accessible to, and independently usable by, blind individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

41.     Without the requested injunctive relief, specifically including the request that the

Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies

that it is fully in compliance with the mandatory requirements of the ADA that are discussed

above, Defendant's non-compliance with the ADA's requirements that its POS Devices be fully

accessible to, and independently usable, by blind people is likely to recur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

a.      A Declaratory Judgment that at the commencement of this action Defendant was
        in violation of the specific requirements of Title III of the ADA described above,
        and the relevant implementing regulations of the ADA, in that Defendant took no
        action that was reasonably calculated to ensure that all of its POS Devices were
        fully accessible to, and independently usable by, blind individuals;

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §
        36.504 (a) which directs Defendant to take all steps necessary to brings its POS
        Devices into full compliance with the requirements set forth in the ADA, and its
        implementing regulations, so that the POS Devices are fully accessible to, and
        independently usable by, blind individuals,  and which further directs that the
        Court shall retain jurisdiction for a period to be determined after Defendant
        certifies that all of its POS Devices are fully in compliance with the relevant
        requirements of the ADA to ensure that Defendant has adopted and is following
        an institutional policy that will in fact cause Defendant to remain fully in
        compliance with the law;

c.      An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class
        representative and appointing her counsel as class counsel;

d.      Payment of costs of suit;

e.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR
        § 36.505; and,

f.      The provision of whatever other relief the Court deems just, equitable and
        appropriate.

Dated:  October 7, 2013                                 Respectfully Submitted,

                                                        /s/ Daniel O. Myers

                                                        Daniel O. Myers, Esquire (P49250)
                                                        dmyers@domlawoffice.com
                                                        The Law Offices of Daniel O. Myers
                                                        100 Park Street
                                                        Traverse City, Michigan  49684
                                                        Phone: (231) 929-0500 ext. 122
                                                        Fax: (231) 929-0504
                                                        www.domlawoffice.com

                                                        Sunshine R. Fellows, Esquire
                                                        sfellows@carlsonlynch.com
                                                        CARLSON LYNCH LTD
                                                        PNC Park
                                                        115 Federal Street, Suite 210
                                                        Pittsburgh, Pennsylvania 15212
                                                        Phone:  (412) 322.9243
                                                        Fax:  (412) 231.0246
                                                        www.carlsonlynch.com